292 So.2d 898 (1974)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Victor C. OSBON.
No. 9727.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
Rehearing Denied April 22, 1974.
Writ Refused May 31, 1974.
Johnie E. Branch, Jr., Baton Rouge, and Alvin J. Liska, New Orleans, for appellant.
John W. Greene, Covington, for appellee.
Before BLANCHE, TUCKER[*] and VERON, JJ.
VERON, Judge:
This is an expropriation suit filed by the Louisiana Department of Highways under R.S. 48:441 et seq., against Victor C. Osbon to acquire 27,442 square feet of land. The entire tract fronts 240.06 feet on U.S. Highway 190 by an average depth of 289.9 feet. The part taken is a strip across the entire front by a depth of 118 feet on the South and 113 feet on the North, containing 0.63 acres. The property is situated in *899 Square 25, Maillieville Subdivision in St. Tammany Parish, approximately ¾ miles south of the corporate limits of Covington. The Highway Department expropriated this property for the purpose of widening U.S. Highway 190 to a four-lane divided roadway.
The Department deposited $16,562.00 into the registry of the court as just compensation.
Judgment was rendered by the trial court increasing the award to defendant to the sum of $30,186.20 as the value of the property taken. Plaintiff appealed.
The Department alleges the trial court erred in: (1) awarding defendant the excessive sum of $30,186.20; (2) adopting the so-called four, three, two, one concept as a basis for calculating the value of the land taken and thereby making an award for same where the entire parent tract is the use tract and used as highway commercial, and not adopting the Department's appraisers' estimate where they found that the entire tract was highway commercial and appraised the entire use tract as highway commercial.
Plaintiff produced two appraisers to support its position. Edward Deano, using primarily three comparables, valued the entire property of defendant at $.60 a square foot. His testimony is that the entire tract was highway commercial and that the rear part of the tract had the same value as the portion fronting on the highway. This method of appraisal is called the "average unit value". Mr. H. B. Breeding, Jr., the second appraiser called by the plaintiff, also used three comparables, two of them being two of the three used by Mr. Deano, and also valued the entire tract at $.60 a square foot. His testimony was basically the same as Mr. Deano and he used the average unit value method to arrive at his figures. Mr. Deano found the value of the part of the tract taken to be $16,465.00 and Mr. Breeding found a value of $16,466.00.
Defendant produced two appraisers whose estimates were considerably higher than the plaintiff's appraisers. Mr. Frederick M. Guice used ten comparable sales to support his finding of a value of the expropriated tract of $1.10 a square foot or a total value of $30,200.00. Mr. Guice used one of Mr. Deano's comparables and two of Mr. Breeding's comparables. He used his comparables to show that property removed from the highway experienced a lesser price than those fronting on U.S. Highway 190. He also used his comparables to show an appreciation between the date of the comparables and the date of the taking. Using this information Mr. Guice arrived at a figure of $1.10 per square foot for the property expropriated. Mr. Guice stated his theory of appraisal was not the four, three, two, one version or a modified one but was a localized version where he recognized the differential of property having a front foot value in excess of a piece of property to the rear that does not have usable highway frontage. This is called the front land-rear land method. Mr. John M. Parker, III, was plaintiff's second appraiser. Mr. Parker used seven comparables as a basis for his appraisal of the subject property. He used a four, three, two, one method and with adjustments arrived at a figure of $1.14 per square foot for the expropriated property or a total of $31,300.00.
The Department's two appraisers, Mr. Deano and Mr. Breeding, Jr., admitted that the subject property was more valuable than the property in the case of State, Department of Highways v. Smith, 270 So.2d 178 (La.App. 1st Cir. 1972). In the Smith case this Court affirmed an award of $.90 per square foot. Mr. Deano testified that the subject property was worth $.10 to $.15 per square foot more than the Smith property and Mr. Breeding, Jr., testified that the subject property, in comparison to the $.90 per square foot of the Smith property, would probably be valued at something over $1.00 per square foot.
*900 Just and adequate compensation is that amount of money which it takes to put the owner in as good a position pecuniarily as he would have been if his property had not been taken. State v. Barrow, 238 La. 887, 116 So.2d 703 (1959); Housing Authority v. Green, 200 La. 463, 473, 8 So.2d 295, 298 (1942); State Department of Highways v. Smith, 270 So.2d 178 (La. App.1st Cir. 1972).
The trial judge placed a value of $1.10 per square foot for the expropriated property. The valuation of expropriated property is solely a question of fact; State, Department of Highways v. Tramuta, 234 La. 741, 101 So.2d 450 (1958). Hence the judgment of the trial court on this point should be accorded the same weight as that given to its finding of any other fact. State, Department of Highways v. Reuter, 175 So.2d 316 (La.App.4th Cir. 1965).
Valuation of expropriated property is subject to the manifest error rule. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972).
In State, Department of Highways v. Smith, supra, we were concerned with a suit with issues almost identical to those in the present suit. The Department (using the same two appraisers as here), argued for the "average unit value" rule as opposed to the "front land-rear land" rule. Using the former method, the Department's appraisers had estimated the value of the subject tract at $.45 a square foot (Deano) and $.35 to .40 a square foot (Breeding). Defendant's appraisers considered only the front footage being taken to arrive at valuations of $.85 to .95 a square foot. In affirming the trial court's finding that the value of the property taken was $.90 a square foot, we stated:
". . . We believe application of the front land-rear land rule is in accord with these vital principles. We so find because to require acceptance from an expropriator of a sum less than the owner can reasonably expect to obtain on the open market from a willing and knowledgeable buyer does not leave the property owner in the same pecuniary position he would have enjoyed had he been able to sell his property on the open market . . ."
In State, Department of Highways v. Landry, 171 So.2d 779, 781 (La.App.3d Cir. 1965), certiorari denied, 247 La. 676, 173 So.2d 541 (1965) ("no error of law") the court stated:
"We regard the proposition as settled by Louisiana jurisprudence and statute, therefore, that landowners are entitled to receive the full and actual market value of highway frontage expropriated for further highway purposes, without deduction therefrom because a new highway frontage will be provided, by reason of the taking, for formerly-rear portions of the parent tract. To allow such a deduction from the market value of the property taken, would be to allow deduction from this value for benefits which will be derived because of the contemplated improvement for which the expropriation was made, in direct contravention of LSA-R.S. 19:9, the legislative provision forbidding landowners from being deprived for such reason of the true market value of their property which is expropriated for public purposes."
In State, Department of Highways v. Hoyt, La., 284 So.2d 763 (1973), the Supreme Court stated:
". . . where the evidence shows that the front portion of the tract taken has a higher value than the rear portion not taken, the landowner must be awarded the higher value for the land actually taken rather than an averaged value based on its proportionate portion of the land-area of the parent tract."
In the instant case, we find that there is no manifest error in the trial court's rejection of the techniques urged by *901 the plaintiff and accepting the "front land-rear land" technique. There is sufficient evidence in the record to support the trial court's finding of fact. The amount of the award is not excessive.
The judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.
NOTES
[*] Due to the death of Judge TUCKER prior to rendition, this opinion is rendered unanimously by BLANCHE and VERON, JJ.