388 So.2d 412 (1980)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
V. Price LeBLANC et al.
13426.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*413 Johnie E. Branch, Jr., Bryan Miller, Baton Rouge, for plaintiff, appellant & appellee.
Edwin R. Woodman, Jr., Maurice J. Wilson, Jr., Baton Rouge, for defendant, appellant & appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
In 1971, the State of Louisiana, through the Department of Highways, under the authority of Article VI, Section 19.1 of the Louisiana Constitution of 1921 and LSA-R.S. 48:441-460, filed suit against V. Price LeBlanc and John D. Cantey seeking to expropriate 1.012 acres of land in Ascension Parish. As just compensation, the State deposited $1,518.00 in the registry of the court.
Following the substitution of Joseph W. Kinamore for V. Price LeBlanc as a party defendant, answer was filed. Defendants sought $25,000 for the taking and $110,000 in severance damages.
Trial was had in 1976. Briefs were filed approximately one year later. On June 6, 1978, the trial court ordered the Court Reporter to transcribe the testimony. Judgment in favor of the defendants was signed on September 28, 1979, in the amount of $45,350, less a credit of $1,518 for the funds previously deposited by the State. From this judgment, both the State and defendants have appealed. We affirm.
*414 At the outset, we adopt as our own the excellent reasons for judgment filed by Judge St. Amant.

"REASONS FOR JUDGMENT
In connection with the construction of State Route LA I-10 in Ascension Parish, a controlled access facility, the Department expropriated 1.012 acres of land owned by defendants and deposited in the registry of the Court the sum of One Thousand Five Hundred Eighteen Dollars ($1,518.00) as its estimate of just compensation for the land so taken, no allowance being made for severance damages. This figure was calculated on the basis of Fifteen Hundred Dollars ($1,500.00) per acre for the part taken. Defendants answered seeking additional compensation for the land taken and substantial severance damages.
Prior to the taking defendants owned a rectangular tract of land containing approximately 48 acres fronting on Louisiana Highway 73 and immediately adjoining the Dutchtown School. The taking involves a triangular shaped portion of land constituting the northeast corner of the tract at the rear.
Prior to the taking a map designated as the "Final Plat" of Dutchtown Acres Subdivision had been recorded; servitudes and rights of way had been dedicated to the public; approximately Sixteen Hundred (1,600) feet of street had been constructed; and one (1) lot had been sold. However, no street had been extended to the part taken and no utilities were available. Because of these latter facts the appraisers for the Department contended that the part taken should be valued as raw acreage and only alternatively did they assign a value as subdivision lots.
No serious attempt was made by the Department to question the motives of the developers, nor did the Department's experts dispute the fact that the highest and best use of the tract was for subdivision purposes. Under the oft cited case of State, Department of Highways versus Terrace Land Company, Inc., 298 So.2d 859 (Supreme Court, 1974) and even under the earlier case of State, Department of Highways versus Patout, 249 So.2d 179 (Supreme Court, 1971), the defendants are clearly entitled to have the part taken considered as subdivision lots.
Defendants' expert, Mr. John LeJune (sic), assigned a residual value of Eleven Cents (11¢) per square foot to the part taken after subtracting the proportionate development costs. Using this method he arrived at a value of Four Thousand Eight Hundred and Fifty Dollars ($4,850.00) for the part taken. (Appraisal report, page 7). The Court finds this approach to be valid and substantiated by the evidence and accordingly fixes the value of the part taken at Four Thousand Eight Hundred and Fifty Dollars ($4,850.00).
The principal controversy is over the question of severance damages. Much of testimony offered by the defendants relates to the noise factor resulting from traffic on the interstate and its effect upon the value of the remaining property.
The appraisers for the State, Mr. Seago and Mr. Farrier, in their alternative approach, considered the severance damages to amount to Eight Hundred and Fifty Dollars ($850.00) and Five Hundred and Seven Dollars ($507.00) respectively. Mr. LeJune for the defendants found the severance damages to be One Hundred Twenty-One Thousand One Hundred and Eighty Dollars ($121,180.00). To characterize the difference between these figures as vast would still be an understatement.
Mr. LeJune used a novel approach to severance damages which has never been reflected in the jurisprudence; which is a totally unwarranted extension of Terrace, since that case only dealt with the value of the part taken; and which in the opinion of the Court grossly overstates the actual amount of damages sustained by the remainder. On the other hand the estimates by Mr. Seago and Mr. Farrier totally ignore significant factors of damage *415 and are so nominal as to justify the characterization of ludicrous.
The Court recognizes the fact that it cannot substitute its opinion for that of the experts under review, but the jurisprudence has established the right of the trial court to determine severance damages in an amount to which no expert testified by rejecting the precise amounts to which each expert testified, such being a necessary correlative of the fact-trier's right to evaluate the weight to be given each witness's testimony. State, Department of Highways versus Salassi, 244 So.2d 871, 877 (La.App. 1st Cir. 1971).
Mr. LeJune in his discussion of damages noted that prior to the taking there were 9,000 front feet of lots that had a retail value of Forty-Five Dollars ($45.00) per front foot for a total gross value of Four Hundred and Five Thousand Dollars ($405,000.00). (Appraisal report page 9). He also stated `It is interesting to note that the front one third (1/3) of the subdivision is 67% built up, the middle one third (1/3) is 33% built up, and the rear one third (1/3) is 19% built up. This would seem to indicate some resistance on the part of the buyers to living adjacent to the interstate highway pricipally (sic) because of the noise factor.' (Appraisal report, page 4). This observation is adequately substantiated by the testimony of the other experts and by those testifying with regard to the noise factor.
Dividing the total gross value of Four Hundred and Five Thousand Dollars ($405,000.00) in three (3) segments corresponding to the front one third (1/3), middle one third (1/3) and rear one third (1/3) of the subdivision gives an indicated gross value of One Hundred and Thirty-Five Thousand Dollars ($135,000.00) to each one third (1/3) of the subdivision. After reviewing all of the expert testimony in the record the Court finds that the evidence substantiates the conclusion that the rear one third (1/3) has been damaged to the extent of 20% of its gross value of One Hundred and Thirty-Five Thousand Dollars ($135,000.00) or Twenty-Seven Thousand Dollars ($27,000.00); that the middle one third (1/3) has been damaged to the extent of 10% of its gross value of One Hundred and Thirty-Five Thousand Dollars ($135,000.00) or Thirteen Thousand Five Hundred Dollars ($13,500.00); and that the front one third (1/3) has suffered no appreciable or measurable damages. Likewise, that the commercial portion in the front has suffered no damage. Of course these are gross value figures but it is obvious that the net will be reduced by a corresponding amount and accordingly the Court considers it reasonable to use this basis for its calculation. That is to say, the Court finds from all the evidence that the before value has been reduced by the taking to 80% thereof for the rear one third (1/3) and to 90% thereof for the middle one third (1/3).
In summary the Court concludes that the defendants are entitled to be compensated as follows:

Value of the part taken $ 4,850.00
Damages to the remainder $40,500.00
 ----------
 Total $45,350.00

Judgment accordingly."
The State specifies that the trial court erred in:
1. adopting the opinion of defendants' appraiser, John Lejeune, as to the value of the land expropriated and thereby awarding $4,850 for same.
2. rejecting the opinions of the State's experts, Alvin K. Seago and Charles H. Farrier, as to severance damages, and then devising a method for calculation based on the court's own opinion.
Defendants specify that the trial court erred in creating its own method for calculating severance damages.
Based on State, through Department of Highways v. Terrace Land Company, Inc., 298 So.2d 859 (La.1974), State, through Department of Highways v. Patout, 258 La. 1193, 249 So.2d 179 (1971), and the facts of the present case, the defendants are entitled to have their expropriated land evaluated as subdivision lots. We find no error in the award of $4,850 for land taken.
*416 Both parties object to the method used by the trial court to fix severance damages. Clearly, no one particular mode of evaluation is etched in stone. All have the same end-just compensation. As stated by the Louisiana Supreme Court in State, through Department of Highways v. Crow, 286 So.2d 353 (1973):
"All of the tools of evaluation, including the determination of highest and best use, the study of comparables, cost of structure and depreciation studies, and income analysis, are only means to fixing just and adequate compensation. No one of these tools is an end in itself.
If there is a priority attached to the study of comparables, it exists only because, in most cases, that approach is most likely to produce accurate results, insuring just and adequate compensation. When, however, the study of comparables does not, as a matter of fact, serve to best insure an accurate evaluation, the prime consideration of just and adequate compensation requires that courts be free to use any other method better suited to a correct assessment of value."
A trial court may, in determining just compensation, place the value at an amount between those suggested by experts. State, through Department of Highways v. Port Properties, Inc., 316 So.2d 749 (La.App. 1st Cir. 1975). If impressed by the appraisers for each party, the court may simply average their valuations. State, through Department of Highways v. Smith, 272 So.2d 746 (La.App. 3rd Cir. 1972), writ denied 272 So.2d 696 (La.1973).
State, through Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1st Cir. 1971), permits a trier of fact to
"determine severance damages in an amount to which no expert testified by rejecting the precise amounts to which each expert testified, such being a necessary correlative of the fact-trier's right to evaluate the weight to be given to each witness' testimony(.)"
See also, State, through the Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3rd Cir. 1969), writ refused 254 La. 14, 222 So.2d 67 (1969).
The State urges that while Salassi permits a trial court to reject the amounts suggested by experts, it does not authorize a trial court to reject all the experts' methods and to substitute its own. State, through Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3rd Cir. 1977); State, through Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st Cir. 1970); and State, through Department of Highways v. Moresi, 189 So.2d 292 (La.App. 3rd Cir. 1966), are cited as cases where a trial court improperly considered its own opinion. We find this line of argument unconvincing. Initially, Eubanks, Thurman and Moresi are inapplicable because they deal with opinion rather than method. In Eubanks, the trial court erroneously awarded more damages than any expert had testified to. In Thurman, the trial court improperly based its award on personal experience. In Moresi, the trial judge incorrectly took into consideration the fact that he drove by the property in question twice daily and used that fact as a basis for fixing compensation.
Nothing in Salassi implies that a trial court may not reject both methods and amounts suggested by experts. The opinions of qualified experts should be given weight and effect where they are well grounded in sincerity and logic. State, through Department of Highways v. Ragusa, 234 La. 51, 99 So.2d 20 (1958). When, however, expert opinions are biased or illogical and to follow them would cause absurd results, they may be ignored.
In the present case, the maximum severance damages according to the State's experts was $850, an amount the trial court characterized as "ludicrous." Defendants' expert set severance damages at $121,180 by using an unwarranted approach which was far too speculative.
The trial judge properly rejected the amounts and methods of both sets of experts. Then, using facts adduced at trial, he developed a formula which, when applied to the facts, resulted in a fair and just compensation.
*417 The value of expropriated property is solely a question of fact. Hence, a trial court's determination of value for property taken carries the same weight as any other finding of fact and the manifest error rule applies. State, through Department of Highways v. Osbon, 292 So.2d 898 (La.App. 1st Cir. 1974), writ denied 294 So.2d 836 (1974). We find that the amounts awarded, both for property taken and for severance damages, are fully supported by the record. Arceneaux v. Domingue, 365 So.2d 1330 (1978).
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be divided equally.
AFFIRMED.