397 So.2d 1087 (1981)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
BOYCE GIN COOPERATIVE, INC., Defendant-Appellee.
No. 8182.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Amended Judgment May 13, 1981.
*1089 Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
James D. Davis, Davis & Murchison, for defendant-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
GUIDRY, Judge.
This is an expropriation suit instituted by the State of Louisiana, through the Department of Transportation and Development, hereafter DOTD, against Boyce Gin Cooperative, Inc., hereafter Boyce, under the provisions of LSA-R.S. 48:441 et seq., commonly referred to as the "quick taking" statute.
Plaintiff deposited the sum of $1261.00 for the taking of two parcels of land in fee, specifically a parcel designated as 43-6 containing 652.59 square feet and a parcel designated as parcel 43-16 containing 747.12 square feet. The aforementioned parcels were taken from a tract of land with improvements thereon situated, owned by Boyce which measured 100 feet along its north and south lines and 320 feet on its east and west lines. The Boyce tract is situated in the town of Boyce, Louisiana, at the intersection of La. Highway 1, also known as Pacific Avenue, and La. Highway 8, also known as Ulster Avenue, being bounded West by La. Highway 1 and North by La. Highway 8. At the time of taking Boyce operated its cotton ginning facility on the aforementioned tract of land. The takings comprise a strip of land approximately 4½ feet in width commencing at the southwest corner and extending northerly along the west line of the Boyce property a distance of approximately 143 feet; and, a parcel approximately 4½ feet in width commencing at a point in the west line approximately 178' north of the southwest corner and then extending northerly to a point 17.03 feet south of the northwest corner at which point the taking flares at an angle to a width of 27.68'. The latter parcel is flared at the northwest corner of the Boyce property in order to construct a barrier curb which is to facilitate traffic at the intersection of La. Highways 1 and 8. Utility poles and/or guy wires are situated within the limits of the property taken in the immediate vicinity of defendant's seed hopper facility which is located at the approximate middle of the west line of the Boyce property.[1] *1090 For purpose of clarity we attach, as appendix I, a survey of the Boyce property, introduced as Defendant's Exhibit 1, which depicts the limits of the Boyce property, the parcels taken, and the location of the buildings and other improvements comprising the defendant's ginning facility.
According to the record the State will construct a barrier curb, 6 inches in height, in the flared area, which barrier curb is to be located at the northwest corner of the Boyce property. Mountable curbs, also known as "rollover" curbs will be constructed along the rest of the frontage on Highways 1 and 8.
The parties stipulated that the land and buildings located on the property had a market value, as of the time of taking, as follows:

Land (32,027.59 sq. ft. @ .90¢
per sq. ft.).................... $28,825.00
Gin Buildings................... $21,362.00
Tractor Shed.................... $ 4,201.00

The State deposited the sum of $1261.00 in the registry of court for the taking of 1399.71 square feet. Therefore, in effect, the parties stipulated that the plaintiff had deposited in the registry of court a sum exceeding by $1.26 the actual value of the land taken.
The disagreement between the parties centers around the question of severance damages. The State contends that as a result of the taking the property remaining to Boyce will suffer no damage. On the other hand defendant contends that as a result of the taking and the construction in the area taken and the immediate vicinity thereof it will be unable to operate its gin facility and therefore is entitled to recover, as severance damages, the total value of such facility less land value and the salvage value of buildings and machinery. The trial court decided in favor of defendant awarding the latter $163,314.00 in severance damages and attorney's fees in the amount of $10,500.00. In addition the trial court awarded a fee of $2800.00 to defendant's expert and cast plaintiff with all costs which can be legally assessed to it. The DOTD has appealed. Defendant has answered the appeal asking for an increase in both the severance damage and attorney's fee awards.

SEVERANCE DAMAGES
All of the experts who testified agreed that the issue as to whether or not the property remaining to defendant suffered severance damage is resolved by a determination of whether or not Boyce's ginning facility can operate, following the taking, as efficiently as it did before. On this issue plaintiff presented the testimony of its project engineer and the testimony of Messrs. Mike Gehr and Byron Core, real estate appraisers. These witnesses all expressed the opinion that the taking and proposed construction would cause no interference with ingress and egress to the property or the facilities located thereon and therefore defendant's remaining property suffered no severance damage. On the other hand, defendant presented the testimony of Mr. Habeeb Monsur, Jr., expert appraiser, and Messrs. Lloyd Dean and Louis Stevens, both members of the Boyce Gin Cooperative, and former managers, all of whom expressed the opinion that considering the size of the Boyce property before the taking and the proximity of its facilities to the old right of way the taking and proposed construction would render the remaining Boyce property useless as a ginning facility. In support of this opinion these experts testified that ingress to and egress from the property would be severely restricted, particularly considering the size, weight and maneuverability of the vehicles which are used to haul cotton to the gin and those employed to transport baled cotton and seed from the facility.[2] All of these experts *1091 testified that the presence of the barrier curb at the intersection of Highways 1 and 8 would greatly impede ingress to the tractor shed from Highway 1 and egress from the seed hopper onto Highway 8. Further, these experts testified that the taking and construction in the area of the seed hopper would render it useless because none but the most expert of drivers could maneuver a large vehicle so as to center the trailer directly beneath the hopper.
In resolving the issue of severance damages favorable to the defendant the trial court stated:
"The court, having considered all the testimony and evidence, is of the opinion the property on which the cotton gin now sits is so restricted by the expansion of the highway that the cotton gin cannot be run efficiently and will be forced to cease operations."
The issue as to whether or not property remaining to a condemnee has suffered severance damage is essentially a question of fact. Our jurisprudence mandates that an appellate court should not alter a trial court's finding of fact in the absence of manifest or clear error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). This principle of appellate review is equally applicable in matters of expropriation. State, Department of Transportation & Development v. Van Willet, 383 So.2d 1344 (La.App. 3rd Cir. 1980); State, Department of Transportation & Development v. LeBlanc, 388 So.2d 412 (La. App. 1st Cir. 1980). Our careful review of the record in this case reveals not only a reasonable factual basis for the trial court's conclusion but that there is no clear error in such finding. Arceneaux v. Domingue, supra.
Having found no clear error in the trial court's finding that the cotton gin facility of Boyce has been rendered totally useless as a result of the taking we next consider the award of severance damages made by the trial court. In formulating the award in this case the learned trial judge accepted the "in globo" estimate of value for the Boyce Gin in place given by J. E. Bell, an expert in the field of cotton gin equipment, including the sale of new and used ginning machinery and cotton gins in place. Mr. Bell testified that the Boyce Gin, in place, had an "in globo" value, including land, buildings and machinery, of $250,000.00 and that the gin machinery, upon cessation of operations, could be sold for the sum of $65,000.00. Accepting the above values as accurate the trial court, in its written reasons for judgment, proceeded as follows in fixing the award of severance damages:
"... The Court finds that the value of the cotton gin including land on which it is situated was $250,000 after considering the testimony of all witnesses. This represents the value prior to the taking. From this must come the value of the equipment which could be sold, $65,000; salvage value of the buildings, $1,840; and remaining value of land, $28,825.

$65,000 Equipment Salvage
1,850 Building Salvage
28,825 Land Value
 _______
$95,675

In order that salvage on equipment and buildings can be realized, certain demolition costs, $10,250, must be deducted from amount received from salvage.

$95,675
10,250 Demolition costs
 _______
$85,425

Therefore, the defendant should have land, equipment, and building with a vlue (sic) of $85,425 after the taking. By subtracting this sum from the original market value of $250,000, the Court arrives at $165,575. From this, the Court must subtract the original payment of $1,261, giving a total amount of severance damages of $163,314."
The other values used by the trial court in formulating the award are those given by defendant's expert, Mr. Mansour, except *1092 the land value which was stipulated to by the parties.
On appeal plaintiff urges that the award is too high and that the trial court erred in accepting the opinions as to value advanced by defendant's experts particularly Mr. Bell's "in globo" value over that of its expert, Mr. Aubrey McMaster, who itemized the machinery, etc. piece by piece. In its answer to the appeal, defendant urges that the award of severance damages should be increased pursuant to the estimate of Mr. Mansour.
We discern no error in the trial court's acceptance of Mr. Bell's "in globo" estimate of the value of the Boyce gin in place in formulating his award. LSA-Const. Article 1, Section 4 (1974) provides that in matters of expropriation "the owner shall be compensated to the full extent of his loss". In State, Department of Highways v. Champagne, 356 So.2d 1136 (La. App. 3rd Cir. 1978) we expressed our views concerning a proper interpretation of the cited provision of our constitution and stated:
"We consider the intent of the redactors of the 1974 Constitution to be that once the landowner has received compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been, had his property not been taken, the landowner has received compensation `to the full extent of his loss'."
If defendant is to be placed in as good a position pecuniarily as it would have been had no taking occurred, then in formulating an award of just compensation the value of its facility "in place" is the proper "before value" to be used in calculating severance damages.
The question as to what amount of damages will compensate a condemnee to the full extent of his loss is likewise an issue of fact. Such determination is necessarily dependent upon evidence presented in the form of opinions from expert witnesses. It is the particular province of the trial judge to weigh the credibility and expertise of such witnesses and his findings and conclusions on the basis of such evidence should not be altered on appellate review absent a showing of clear error. The trial court's ultimate conclusion in regard to the amount of severance damage suffered by defendant is fully supported by the record. Finding no clear error in the trial court's award we decline to either increase or decrease same.

EXPERT WITNESS FEES
Plaintiff complains that the expert witness fee of $2800.00 allowed to defendant's expert, Mr. Hab Mansour, is excessive and should be reduced. We cannot agree. Mr. Mansour, filed a documented and well reasoned report. The trial court in fact accepted in part the opinion of Mr. Mansour in setting the award of severance damages. Mr. Mansour, as defendant's expert, is entitled to reasonable compensation for his appearance in court and for preparatory work done by him. LSA-R.S. 13:3666; State, Department of Highways v. Mims, 336 So.2d 24 (La.App. 3rd Cir. 1976), writ denied, 339 So.2d 16 (La.1976). We do not find the fee awarded Mr. Mansour to be so out of line with the work performed or so inconsistent with awards in similar cases as to constitute an abuse of the much discretion allowed to the trier of fact.

ATTORNEY'S FEES
Defendant has answered this appeal requesting an increase in the award of attorney's fees suggesting that it is entitled to be paid 25% on any amount awarded in excess of $1261.00. LSA-R.S. 48:453 provides for an award of attorney's fees in expropriation matters, up to a maximum of 25%, if the amount of the compensation deposited in the registry of court is less than the amount of compensation awarded in the judgment. Defendant is therefore clearly entitled to an award of attorney's fees however, the statute does not require the award of attorney's fees to equal 25% of the excess award. Rather, the provisions of the statute allow for reasonable attorney's fees not to exceed 25% of the excess award. *1093 In the instant case the trial court awarded $10,500.00 as attorney's fees. We consider this award to be reasonable and conclude that such sum is sufficient to compensate for the services rendered by counsel for defendant both at the trial level and on appeal.

COSTS
The trial court taxed the costs of these proceedings as follows:
"The plaintiff is cast for all costs which can be legally assessed to it and the defendant is cast for any remaining costs."
Defendant, in answer to this appeal, requests an amendment of the trial court judgment which would cast the plaintiff for all costs of these proceedings. We believe that defendant is entitled to this relief. LSA-R.S. 13:5112 provides as follows:
"A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may award in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, such court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
B. In accordance with Section 10 of Article XII of the Constitution neither the state nor any other department, board, commission, agency, or political subdivision thereof shall be required to pay court costs until the judgment rendered against the state, department, board, commission, agency, or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise nonappealable or nonreviewable beyond the delays set by law for same and the funds have been appropriated therefor in specific dollar amount.
C. This law shall not apply to, nor shall the Office of Employment Security or the administrator be cast for any court costs in, any judicial review proceeding under the provisions of R.S. 23:1634."
In State, Department of Transportation & Development v. Van Willet, supra, we held the provisions of LSA-R.S. 13:5112 applicable to expropriation matters instituted by the DOTD wherein defendant reconvened for damages in excess of that deposited by the department. We adhere to our opinion that the cited statute is applicable in such cases. Accordingly, we will amend the trial court judgment only to tax plaintiff with all costs and to express such costs in a dollar amount as prescribed by such statute.
Accordingly, for the reasons assigned, the judgment of the trial court is amended so as to tax plaintiff with all costs of these proceedings in the trial court, the total costs at the trial level for which the plaintiff is cast being fixed at $ 2533.75 . Costs of this appeal in the sum of $ 451.25 are taxed to plaintiff. Except as amended the judgment of the trial court is affirmed.
AMENDED AND AFFIRMED.

AMENDED JUDGMENT
We recognize, on our own motion, that we committed an error in calculation in framing the judgment rendered with regard to costs. Accordingly, we amend and correct the judgment rendered by this court in the captioned matter on April 15, 1981, so as to tax plaintiff with all costs of the proceedings in the trial court. The total costs at the trial level for which the plaintiff is taxed is $3,020.00 and the cost of this appeal in the sum of $372.75 are also taxed to plaintiff. Except as herein amended, the judgment of this court rendered as aforesaid is reinstated and made the final judgment of this court.
*1094 
NOTES
[1] The property was taken in two parcels in order not to disturb or affect the outer wall and supports of Boyce's seed hopper which extended westerly to the old right of way limits of La. Highway 1. In other words the taking along Boyce's west property line was made to jog around their existing seed hopper facility.
[2] The record reflects that cotton trailers, usually hauled by tractors, vary in length from 27' to 40' and are difficult to maneuver. The cotton seed is usually transported by "over the road" tractor-trailers which have an overall length of 60'.