EDWARDS, Judge.
This is an action for a sura alleged to be due on a contract to supply fill dirt to a construction site.
Plaintiff, Tommy L. King, contracted with Robert Ferrara Construction, Inc. and Eddie Taylor to provide fill for a lot owned by Taylor upon which Ferrara Construction was to construct a commercial building. King agreed to supply and spread as much fill dirt as was required to prepare the site for pouring of a cement slab. Defendants agreed to pay King $4.00 for each cubic yard of fill dirt delivered and spread.
King proceeded to deliver dirt to the construction site. After delivery of 1,000 cubic yards, he presented a bill for $4,000.00 and was paid by Ferrara Construction. He continued to deliver dirt and eventually presented a final bill indicating delivery of a total 2,002 cubic yards and a balance due of $4,000.00. (King testified that he ignored the additional $8.00 which was owed.) Ferrara Construction refused to pay this final bill, contending that King had not delivered the claimed amount of dirt.
King filed suit against defendants, seeking judgment for the amount claimed to be due plus interest and attorney fees as well as recognition of a lien against the property for the amount due. The district court rendered judgment for plaintiff in the amount of $4,008.00 plus legal interest from date of judicial demand. Additionally, plaintiff was awarded 25 percent of the principal and interest due as attorney fees and the trial court recognized and made executory his lien on the property.
Defendants have taken this devolutive appeal. They raise one assignment of error, that the trial court erred in concluding that plaintiff supplied 2,002 cubic yards of fill dirt to the construction site.
King testified at trial that a dray ticket was prepared for each load of dirt delivered to the construction site. Copies of these dray tickets were admitted into evidence. They showed a total of 2,002 cubic yards of dirt delivered.
When the dispute over the amount of delivered dirt arose, defendants retained Herbert Sanders, a civil engineer and land surveyor, to compute the amount of fill delivered to the site. Sanders testified at trial. Sanders had performed a survey of the site in August of 1980, prior to delivery of any dirt to the site. During the course of that survey, Sanders took five elevation shots on the lot. When he was asked to compute the amount delivered after the fill was in place, he returned to the lot and took 28 elevation shots. By establishing lot contours on the basis of the first and second elevation shots, Sanders concluded that approximately 940 to 1,081 cubic yards of fill had been placed on the lot.
Plaintiff presented the testimony of Gerald Fussell, also a civil engineer and survey- or, in rebuttal. Fussell testified that the raw data collected by Sanders on the first survey (five elevation shots) was not intended to provide a basis for a later volume estimate. Sanders himself had conceded this fact in his testimony. Fussell testified that the five original elevation points were insufficient raw data to accurately calculate the amount of fill dirt delivered to the site. According to Fussell, an accurate estimate would have required that the same 28 elevation points used to determine the second contour should have been taken to determine the original contour of the site.
The trial court’s written reasons for judgment reflect that it accepted Fussell’s testimony to the effect that Sanders’ estimate was based on insufficient raw data. Defendants contend that it was error to do so.
Before an appellate court can disturb a factual finding by the trial court, it must determine that the finding is manifestly erroneous and has no reasonable basis. Arceneaux v. Domingue, 365 So.2d *899 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). It is largely a matter of fact for the trial court to determine the credibility and reliability of testimony by expert witnesses and a finding in this regard will not be overturned unless manifest error appears in the record. State, Dept. of Transp. v. Boyce Gin Co-op., 397 So.2d 1087 (La.App. 3rd Cir.1981); Green v. State, Southwest Louisiana Charity Hosp., 309 So.2d 706 (La.App. 3rd Cir.1975), cert. denied, 313 So.2d 601 (La.1975); Christy v. City of Baton Rouge, 282 So.2d 724 (La.App. 1st Cir.1973), cert. denied, 284 So.2d 776 (La.1973).
Our review of the record in the instant ease reveals no such manifest error. In fact, we are convinced that the trial court’s findings of fact are manifestly correct.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings, both trial and appellate, are assessed against defendants-appellants.
AFFIRMED.