DOUCET, Judge.
This is an expropriation proceeding filed by Southwest Louisiana Electric Membership Corporation (SLEMCO), plaintiff, against a landowner, Joseph Hargrave, defendant, in which SLEMCO seeks to expropriate a transmission line servitude across defendant’s property situated in Lafayette Parish, La. Plaintiff appeals the trial court’s determination of the amount of compensation which defendant was awarded. We affirm.
Defendant’s land is a narrow strip running east and west, situated in Section 6, Township 10 South, Range 3 East, Lafayette Parish, and is only 289.5 feet wide and 1,317.5 feet long. Access to the narrow strip is restricted to a dirt road alleged to be unsuitable for travel.
Defendant Hargrave failed to answer the original petition filed by SLEMCO and accordingly, waived all defenses except his claim for compensation.
Trial was held to determine the amount of compensation to which defendant was entitled. Hargrave appeared in proper person and testified on his own behalf, whereas the plaintiff SLEMCO submitted the testimony of an expert, Mr. Gene Cope. Defendant’s evidence included introduction of a plat of his property which indicated his intent to establish a subdivision by dividing the subject property into 100' lots.
After hearing the testimony and reviewing the evidence presented at trial, the trial court took the matter under advisement. Thereafter, judgment was rendered in favor of defendant in the sum of $10,000. In reaching this result, the trial court found that the servitude right of way would take so much of two of the subdivision lots as to render them useless as individual lots. The trial court assigned a value to these two lots of $20,000, or $10,000 per lot and subtracted $5,000 as the cost of developing the lots and hardsurfacing the dirt road granting access to the subdivision lots. Next, the trial court subtracted the value of the portions of the lots which were not in the area’s servitude taken by SLEMCO, to which the Court assigned a value of $5,000. After making these calculations, the court placed the value at $10,000.00.
SLEMCO appeals, assigning the following specifications of error: (1) the trial court erred in valuing the defendant’s property on the basis of residential subdivision use as such use was so indefinite and remote as to be predicated solely upon speculation and conjecture and, the only expert opinion received by the trial judge was to the effect that the highest and best use of defendant’s land was continued agricultural use, (2) the trial court committed manifest error in refusing to accept the expert testimony of the appraiser, Gene Cope; and (3) the trial court erred in arbitrarily assigning the value of $20,000 to defendant’s property as such an assessment was a substitution of the trial court’s opinion for that of an expert appraiser.
*1149 Mr. Cope’s testimony as to the value of the land is as follows: In his opinion the current highest and best use for the property was continued agricultural usage with potential for development. He felt that a soft market for development properties along with high interest rates, high building costs, and the cost of even minimum subdivision standards precluded the property’s development at the present time. In his opinion, the value of the .56 acre tract was $4,200.00, on a $7,500.00 per acre basis. Since the nature of the taking was only partial, Mr. Cope valued the remaining rights in the landowner at 20%, thereby placing the value of the servitude at $3,360.00. His valuation did not account for decreased values to adjoining tracts.
On the other hand, defendant introduced into evidence a cash sale dated April 16, 1982, wherein a 50' X 90' lot located in nearby Belle Ville Subdivision was sold for $11,500.00. Throughout the proceedings, defendant maintained that it was his intention to develop the property pursuant to the plat, although an injury had delayed development.
In every expropriation, the owner must be compensated to the full extent of his loss; he must be placed in as good a position pecuniarily as he enjoyed prior to the taking. State, Dept. of Highways v. Bitterwolf, 415 So.2d 196 (La.1982); Note, Expropriation: Compensating the Landowner to the Full Extent of His Loss, 40 La.L.Rev. 817 (1980). An owner-developer is entitled to recover on the basis of the individual retail value of each lot (less development costs, but not the developer’s profit) if sold in the ordinary and usual course of business where the sale of lots for subdivision purposes is reasonably prospective and the evidence shows the owner-developer is actually in the process of developing and selling the land as subdivision lots. State, Dept. of Highways v. Terrace Land Co., Inc., 298 So.2d 859 (La.1974).
In establishing the market value of the defendant’s property on the basis of potential subdivision use, the trial judge obviously considered Hargrave’s testimony as to his intentions for the property to be credible. A trial judge may give whatever weight he deems appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken, and his fixing of the value will not be disturbed in the absence of manifest error. State, Dept. of Highways v. Romano, 343 So.2d 222 (La.App. 1st Cir. 1977); State, Dept. of Highways v. Salles, 387 So.2d 1278 (La.App. 1st Cir.1980); Louisiana Resources Co. v. Greene, 406 So.2d 1360 (La.App. 3rd Cir.1981); State, Dept. of Highways v. LeBlanc, 388 So.2d 412 (La.App. 1st Cir.1980). We find no manifest error.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.