ON REHEARING
PER CURIAM.
This appeal from an expropriation suit is before us for a second time on an applica *105 tion for rehearing. The facts of the case are set out in our decision in the original appeal of this matter, State v. James W. Townsend, 473 So.2d 99 (La.App. 3rd Cir. 1985).
The appellant now contends that certain exhibits showing that the expropriated land was burdened by a servitude, which diminished the value of the property, were absent from the record at the time the case was considered by this court on appeal, through no fault of the appellant. As a result, the appellant believes that the value of the expropriated land should be reconsidered in light of these documents.
The appellant admits in his application for rehearing that the record contains expert testimony with regard to the effect of a servitude. The trial court heard the expert testimony concerning the servitude and received the exhibits evidencing its existence.
We have now reviewed the exhibits at issue. We conclude that we cannot disturb our earlier ruling with regard to the trial court’s findings. As we stated in that decision:
“At the trial, the defendants’ appraiser, Mr. John Mowad, testified that on the basis of recent comparable sales in the area, he estimated that the cleared farmland that was taken was of an estimated value of $2,100 per acre. The plaintiff’s appraisers testified that in their opinion, the price per acre of the taken land was somewhat less based on recent sales of land from a larger area than that used by Mr. Mowad. Apparently, the trial court was convinced by Mr. Mowad’s appraisal. A trial judge may give whatever weight he deems appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken, and his fixing of the value will not be disturbed in the absence of manifest error. Southwest La. Elec. Membership Corp. v. Hargrave, 432 So.2d 1147 (La.App. 3rd Cir.1983); Louisiana Resources Co. v. Greene, 406 So.2d 1360 (La.App. 3rd Cir.1981). After a careful review of the record we cannot say that the trial court was manifestly erroneous in its conclusion about the price per acre of the cleared farmland that was expropriated. The trial court heard the testimony of three appraisers and accepted the conclusion of one over the other two with respect to the value of the cleared farmland. This conclusion was not manifestly erroneous, therefore it will not be disturbed on appeal.”
REHEARING DENIED.