DOMENGEAUX, Judge.
This is one of seven expropriation eases filed by the plaintiff-appellant, Louisiana Intrastate Gas Corporation, against various defendant landowners for the expropriation of the defendants’ property in order to lay a gas pipeline. The other cases are Louisiana Intrastate Gas Corporation v. Ledoux, 347 So.2d 8 (La.App. 3rd Cir. 1977); Louisiana Intrastate Gas Corporation v. Manuel et al., 347 So.2d 8 (La.App. 3rd Cir. 1977); Louisiana Intrastate Gas Corporation v. Ardoin, 347 So.2d 9 (La.App. 3rd Cir. 1977); Louisiana Intrastate Gas Corporation v. Wimberly, 347 So.2d 9 (La.App. 3rd Cir. 1977); Louisiana Intrastate Gas Corporation v. Brown, 347 So.2d 10 (La.App. 3rd Cir. 1977); and Louisiana Intrastate Gas Corporation v. Guillory et al., 347 So.2d 10 (La.App. 3rd Cir. 1977).
The seven cases were consolidated for trial and remain so on appeal. The original issues at trial were substantially the same in all cases. This is also true concerning the remaining single issue on appeal. We will discuss the common issue herein. However, separate decisions are being handed down this date in each case.
The plaintiff in these consolidated cases is a Louisiana corporation and is organized for the purposes, among others, of constructing, operating, and maintaining pipelines for the transmission or transportation of natural gas and the products and byproducts thereof and the sale of natural gas *6 for resale. The plaintiff is granted expropriation rights under the provisions of LSA-R.S. 19:2(5). See also LSA-R.S. 45:301 et seq., LSA-R.S. 30:501 et seq.
The pipeline which was to be laid down across the properties of the various defendants was to serve Quality Gas Corporation so that it might provide gas to Dresser Industries, Inc., which planned to locate a new plant in Eunice, St. Landry Parish, Louisiana. The cases were tried only on the “right to take”. The District Court Judge denied the expropriations finding that there was no public use or purpose for the taking as required by Article 1, Section 4 of the 1974 Louisiana Constitution. He dismissed all suits.
The plaintiff perfected appeals in all cases; however, prior to the hearing date before this court, it filed motions to dismiss the appeals on the basis that an agreement with Continental Oil Company[1] was finally effectuated for a long term gas exchange and transportation agreement which will enable appellant to serve Quality Gas Corporation, which in turn would serve the site for Dresser Industries at Eunice, Louisiana, without the necessity of construction of the proposed pipeline involved in these cases. The landowners do not object to the dismissals of these appeals, and consequently we grant them herein.
At the trial on the district level defendants had prayed for attorney fees, but that issue was not passed upon by the trial court, and is before us now, via answer to the appeal filed by the landowners.
Appellees-landowners contend that they are entitled to reasonable attorney fees. That issue is the only viable one remaining in these appeals.
Citation is not necessary for the proposition that in order for the landowners to recover attorney fees, they must show that they are entitled to them contractually. by jurisprudence, by statute, or under the constitution.
The landowners do not claim that their rights to attorney fees are contractual, and we find no jurisprudence which allows them such fees.
Appellees suggest their rights emanate from Article 1, Section 4 of the 1974 Constitution, LSA-R.S. 19:9, and LSA-R.S. 19:201.
The pertinent portion of Article 1, Section 4 of the 1974 Constitution reads as follows:

Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken.
...” (Emphasis ours).
LSA-R.S. 19:9 deals with the manner in which property is valued for the purpose of compensating the owner. By Act 11 of the Extraordinary Session of the 1974 Louisiana Legislature, Sub-section “B” was added to LSA-R.S. 19:9. That statute now reads fully as follows:
“§ 9. Measure of compensation
A. In estimating the value of the property to be expropriated, the basis of *7 assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.
B. The owner shall be compensated to the full extent of his loss.”
It appears that Sub-section “B” of the above statute was added by the Legislature to correspond with the emphasized portion of the Constitutional Article quoted here.
A mere reading of the- constitutional provision and LSA-R.S. 19:9 indicates that the phrase—“The owner shall be compensated to the full extent of his loss”—deals with a situation only when the property is taken or damaged. Here, the landowners’ property was not “taken”, nor was it “damaged”, consequently these referred to provisions offer no umbrage to the appellees herein.[2] We are not here concerned with severance or consequential damages. There must be a taking to recover either. Severance damages are due when a portion of the condemnee’s property is taken and the remainder is damaged. Consequential damages come into play when an owner’s property is damaged by virtue of a taking from some other owner, and the public work contemplated by the taking specially damages the complainant’s property. For a more detailed discussion of severance and consequential damages, see Gulf States Utilities Company v. Cormier, 182 So.2d 176 (La.App. 3rd Cir. 1966); and Gulf States Utilities Company v. Comeaux, 182 So.2d 187 (La.App. 3rd Cir. 1966).
LSA-R.S. 19:201 reads in pertinent part as follows:
“A court of Louisiana having jurisdiction of a proceeding instituted by' the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid . . .”
19:201 allows attorney fees under the specified conditions to an owner, only when the appropriating authority is the State of Louisiana, a parish, a municipality or an agency of any of them.
In these expropriation cases the expropriating authority is not the state, a parish or municipality or an agency of either, hence the provisions of LSA-R.S. 19:201 do not apply. The Legislature in enacting this section, for whatever reason, limited recovery of attorney fees to unsuccessful expropriation proceedings brought by the State, its political subdivisions and agencies. We are powerless to extend its provisions by analogy to expropriators not included within its scope. Private entities with power to expropriate are not subject to the penalty set out in LSA-R.S. 19:201[3].
Appellee also cites the case of Parish of Jefferson v. Harimaw, Inc., 297 So.2d 694 (La.App. 4th Cir. 1974) in furtherance of the contention that attorney fees are due. That case has no application herein, if for no other reason that the expropriating authority therein was a “parish” as contemplated by LSA-R.S. 19:201.
*8 For the above and foregoing reasons it is ordered that this appeal be and the same is hereby dismissed. It is further ordered that the appellee’s prayer for attorney fees is denied.
All costs are assessed against plaintiff-appellant, Louisiana Intrastate Gas Corporation.

APPEAL DISMISSED.

. Continental Oil Company by contract presently serves the City of Eunice with gas, and apparently prior to this agreement, the City of. Eunice, Continental and/or the plaintiff herein could not come to terms for the extra amount of gas over and above Continental’s contractual obligations, which was needed to serve the energy needs of Dresser.

. We express no opinion as to whether Article 1, Section 4 of the 1974 Constitution would authorize attorney fees as being a portion of the “full extent of his loss” in the event of a successful “taking” or damaging as a result of a taking. Our reason for nonexpression in this instance is simply that any opinion regarding same would be dicta.

. LSA-R.S. 19:8 and LSA-R.S. 48:453 provide for attorney fees under certain conditions when the compensation offered is less than that actually awarded. Neither statute can be applied herein. One applies to the “quick taking statute” and both anticipate reaching the question of just compensation. That latter stage was not reached herein.