421 So.2d 937 (1982)
PRENTICE OIL AND GAS COMPANY
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 15047.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Writ Denied December 10, 1982.
*938 Bryan Miller and Johnie E. Branch, Jr., Baton Rouge, for defendant and appellant.
H. Minor Pipes, Sr., Houma, A.J. Gray, III, Lake Charles, for plaintiff and appellee.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD), has suspensively appealed the judgment of the District Court in favor of the plaintiff, Prentice Oil and Gas Company, and against DOTD, which adjudged the defendant indebted unto the plaintiff in the amount of $49,575.41, with interest and costs, and denied the motion of DOTD to have the court release the funds in the registry of the court deposited as an estimate of just compensation pursuant to LSA-R.S. 48:441-460, the "quick-taking statute."
The background for the present suit begins with an expropriation suit filed on March 7, 1977, against Prentice Oil and Gas Company for condemnation of certain lands owned by Prentice, for construction of a proposed highway. Pursuant to the "quicktaking statute", DOTD deposited the estimated just compensation into the registry of the Thirty-second Judicial District Court, Parish of Terrebonne. Prentice filed a motion to dismiss the taking, based upon the failure of DOTD to follow various statutory requirements. On September 13, 1977, the motion to dismiss was granted, and judgment was rendered in favor of Prentice. The judgment, in pertinent part, reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any right of Prentice Oil and Gas Company for damages and/or attorney fees be and the same are reserved for further proceedings and I. Robert Boudreaux, Clerk of this Court is hereby ordered to retain the funds deposited by plaintiff in the registry of this Court in this proceeding on March 7, 1977, and the proceeds resulting from the investment thereof, to satisfy any judgment which may be rendered in favor of Prentice Oil and Gas Company for damages and/or attorney fees."
That judgment was not appealed by either party, and has now become final.
Subsequently, Prentice instituted the present suit against DOTD, as a separate action from the expropriation suit. This action is in the nature of a tort claim, with damages alleged as to attorney fees, deposition costs, physical damage to properties and trespass, loss of management time and personal disruption, and loss of use of properties, condemnation blight, and property being kept out of commerce. Prior to the trial, plaintiff abandoned its claims for physical damage and loss of management time. The parties stipulated that the rental value or the loss to Prentice for its property being taken out of commerce during the period of time the property was in possession of DOTD amounted to $20,182.00. The department took issue with the expenses of litigation, the award of attorney fees, and with the payment of any judgment rendered against it from the funds deposited in the registry of court. DOTD also objects to the awarding of interest on the judgment.
On the question of attorney fees and other expenses of litigation, the trial court applied LSA-R.S. 19:201, which reads in part as follows:
"A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney *939 fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid ..."
Thus, the cited statute clearly provides for reasonable attorney fees actually incurred by a landowner because of an unsuccessful expropriation suit. See Parish of Jefferson v. Harimaw, Inc., 297 So.2d 694 (La.App. 4 Cir.1974).
The trial court also considered that in the judgment in the expropriation suit there was reserved to Prentice the right to make a claim for any litigation expenses involved in that proceeding. We agree. Also, as noted by the trial judge, it is of no concern that the landowner chose to proceed in a separately numbered suit; it is proceeding out of rights reserved to it in the expropriation suit judgment.
On the question of attorney's fees and litigation expenses, the trial judge made the following finding:
"Upon entering an agreement concerning attorneys fees the attorneys agreed to a contingent contract based on proving of an excess amount above the original estimate of just compensation within the expropriation suit itself. Prentice Oil & Gas and the attorneys did not contract any specific amount of attorneys fees or rate of attorneys in the event they were completely successful in defeating the expropriation.
"However, the attorneys were employed by Prentice Oil & Gas Company to oppose and defeat the expropriation wholly. The attorneys proceeded to do so and were totally successful.
"The court finds that the plaintiff actually contracted with the attorneys that the attorneys seek to totally defeat the expropriation by the State and even though no specific contract for attorneys fees in specific sums were contracted the plaintiff actually incurred an obligation to pay attorneys fees on the quantum merit [sic].
"The court finds that the plaintiff has proved that the reasonable attorneys fees which [were] actually incurred and are hereby recognized as proved on the quantum meruit, are as follows:

"To Mr. A.J. Gray, III $20,000.00
"To Mr. H. Minor Pipes $ 5,000.00
"TOTAL ATTORNEYS FEES $25,000.00

"The plaintiff has also proved the following expenses:

"Expenses paid by the law office
of plaintiff's attorney Mr. Gray $2,569.28
"Other expenses paid by the
plaintiff $1,824.13
 __________
 $4,393.41"

The record fully substantiates the trial court's finding. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record reflects that counsel for the landowner, Prentice, were employed for the purpose of defending against the expropriation proceedings brought by DOTD. Any contention by DOTD to the contrary is unsubstantiated by the evidence. Counsel for Prentice explicitly stated that he was requested by Prentice "to attempt to defeat the taking of the property." It is clear that the attorney fees in question were incurred by Prentice solely because of the condemnation proceeding and that such charges, which are the subject of the present lawsuit, are attributable only to the legal fees for the earlier condemnation proceeding.
DOTD states the trial court was "clearly wrong" in finding the attorneys entitled to $25,000 on a quantum meruit basis since no evidence was introduced to prove fees on that basis or in that amount. The record contradicts such contention. Following testimony of the details of the work involved in defeating the taking, and the typical hourly rates charged, A.J. Gray, III, one of the attorneys, testified as follows:
"... [W]hen you realize the complexity of the issues, the uniqueness of the case and the fact that it is res nova, or one of first impressionand I must say have been absolutely correct or there would have been an appealit's the type of case *940 where a premium fee would have been entirely justified. Had I rendered a bill at that time, I would have rendered a bill for $25,000, plus the expenses which I incurred." (Emphasis added)
H. Minor Pipes also testified to the work performed and to his legal expertise in expropriation matters.
The Court in State v. Ransome, 392 So.2d 490 (La.App. 1 Cir.1980), set out the factors to be considered in awarding attorney fees, as follows:
"In considering reasonable attorney fees the Court must first consider these factors in awarding attorney fees, namely: (1) the ultimate result obtained; (2) responsibility incurred; (3) the importance of the litigation; (4) the amount involved; (5) the extent and character of the labor performed; (6) the legal knowledge and attainment and skill of the attorney; (7) the number of appearances made; (8) the intricacies of the facts and law involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge."
In making such an award, the trial court is vested with considerable discretion, and the award will not be disturbed in the absence of "clear abuse". State, Department of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1 Cir.1977), writ denied, 351 So.2d 166 (La.1977).
The Court in Terrebonne, 349 So.2d at 940, stated:
"It is well settled that a trial court is capable of assessing attorney's fees without proof of the value thereof where such services are performed under the eye of the court. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108 (1959); Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956). In making awards for attorney's fees, the trial court is vested with considerable discretion, the exercise of which will not be interfered with save in a case of clear abuse."
There is no basis for disturbing the award for the expenses of litigation and the attorney fees actually incurred because of the expropriation proceeding.
Next we consider DOTD's efforts to have the deposited funds released. The department urges that the funds must be returned to it, and that any award for expenses and attorney fees must come from an appropriation by the State Legislature. Appellant relies on LSA-R.S. 48:453 E and LSA-R.S. 13:5109-13:5112 in support of its position. These statutes are not applicable to the issues involved herein.
LSA-R.S. 48:453 concerns the measure of compensation "for the property expropriated," and measure of damages "to the [landowners] ... remaining property." The statute is inapplicable, both on its face and under the jurisprudence interpreting it. See, e.g., Louisiana Intrastate Gas Corporation v. Ledoux, 347 So.2d 4, 7 (La.App. 3 Cir.1977), writ refused, 350 So.2d 901 (La. 1977), where a taking was denied to a private company. In discussing an award of attorney fees for the unsuccessful taking, the Court discussed LSA-R.S. 19:8 and 48:453, as follows (in footnote 3):
"LSA-R.S. 19:8 and LSA-R.S. 48:453 provide for attorney fees under certain conditions ... Neither statute can be applied herein. One applies to the `quick taking statute' and both anticipate reaching the question of just compensation. The latter stage was not reached herein."

(Emphasis added)
Likewise, the question of "just compensation" was never reached in DOTD's expropriation suit, since the taking was denied.
Contrary to appellant's contention, Prentice is not attempting to "seize public funds" within the intendment of LSA-Const., Art. 12, § 10(C). Moreover, the jurisprudence has made it clear that LSA-R.S. 13:5112, upon which DOTD primarily relies, is applicable only to successful expropriation suits instituted by the department. See State Department of Transportation and Development v. Boyce Gin Cooperative, Inc., 397 So.2d 1087 (La.App. 3 Cir.1981). The statute has no application where a party is asserting certain rights which were reserved to it in a previous judgment. Appellant *941 deposited $168,298.00 in the registry of the court. Prentice seeks recovery of $49,575.51 thereof, plus interest and costs, pursuant to the previous judgment. Prentice is entitled to have the deposited funds used to satisfy its judgment under the express judicial reservation to it.
Turning to the question of interest, the department argues that it was error for the lower court to award interest in this case. We find that under the express provisions of LSA-R.S. 48:455[1], the plaintiff is not entitled to interest. Hence, we must amend the judgment to exclude the allowance of interest.
Further, we conclude that the State is liable for all costs of these proceedings. See LSA-R.S. 13:4521; 13:5112; Hopkins v. Department of Highways, 364 So.2d 616 (La.App. 1 Cir.1978); Toomer v. City of Lake Charles, 392 So.2d 794 (La.App. 3 Cir. 1980), writ denied, 396 So.2d 931 (La.1981). We assess the State with costs in the amount of $246.48.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] LSA-R.S. 48:455 provides:

"The judgment rendered therein shall include as part of the just compensation awarded, legal interest on the amount finally awarded, as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court."