464 So.2d 401 (1985)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
ILLINOIS CENTRAL GULF RAILROAD COMPANY.
No. CA 84 0054.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*402 Robert L. Oliver, Baton Rouge, for plaintiff-appellee State of La., Dept. of Transportation & Development.
Frank S. Craig, III, Baton Rouge, for defendant-appellant Illinois Central Gulf Railroad Co.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Pursuant to LSA R.S. 48:441-460 (Louisiana's quick-taking statute), plaintiff-appellee, the State of Louisiana, through the Department of Transportation and Development (DOTD), initiated an expropriation proceeding against defendant-appellant, Illinois Central Gulf Railroad (ICGR), seeking a right-of-way for the completion of the Scotlandville Interstate By-Pass for State Route La. I-110 over a tract burdened with a right-of-way servitude held by ICGR. The parties were unable to agree on the granting of a conventional right-of-way servitude, and thus, this expropriation suit was brought.
The DOTD was of the opinion that it was entitled to acquire a permanent right-ofway servitude without payment of compensation under either LSA R.S. 48:441 et seq., or LSA R.S. 45:841. However, pursuant to LSA R.S. 48:441 et seq., the DOTD did deposit the nominal sum of $25.00 into the registry of the court. An order of expropriation was issued by the trial court commanding ICGR to surrender possession of the land. An answer in the form of a general denial was filed on behalf of ICGR. In its answer, ICGR specifically plead as an affirmative defense the invalidity of the expropriation based on the DOTD's failure to deposit an estimate of the full amount of ICGR's loss (alleged to be $10,000.00) as required by the quick-taking statute. Additionally, ICGR specifically denied the applicability of LSA R.S. 45:851 and reconvened seeking an injunction prohibiting the DOTD's beginning of the overpass prior to obtaining a right-of-way servitude.
Both parties moved for a summary judgment on the issue of compensation. ICGR, in conjunction with its motion, prayed that the DOTD be ordered to increase its deposit to a good faith estimate of the full extent of ICGR's loss. The trial court held a consolidated hearing on the two motions and ruled in favor of ICGR, ordering the DOTD to amend its petition relative to compensation within 30 days. The DOTD took a devolutive appeal to this Court. In State v. Illinois Cent. Gulf R. Co., 428 So.2d *403 1136 (La.App. 1st Cir.1983), writ denied 433 So.2d 162 (La.1983), this Court affirmed the trial court's ruling and ordered the DOTD to amend its petition within 30 days or suffer dismissal. The DOTD failed to comply with this Court's order, and thus, the trial court rendered a judgment of dismissal on June 8, 1983. In the judgment of dismissal, the trial court awarded ICGR attorney's fees and compensation for the period during which the DOTD possessed the property. No amounts were set for the attorney's fees or the compensation pending a hearing on these matters.
Next, ICGR filed a rule for attorney's fees (including expenses) in the amount of $7,926.79 and for compensation in the amount of $2,000.00 for the period the land was in the possession of the DOTD. At the hearing on the rule, ICGR waived its demand as to compensation and proceeded on the demand for attorney's fees and costs.
The trial court, for reasons to be discussed below, denied ICGR's demand for attorney's fees. It is from this judgment which ICGR appeals. In addition, ICGR urges on this appeal that it is entitled to additional attorney's fees incurred as a result of this appeal. The DOTD has answered this appeal praying the ICGR's demand for compensation be denied in the final judgment of this matter due to its not being contained in the trial court's judgment.
The principal issue in this appeal deals with the applicability of LSA R.S. 19:201, which provides for attorney's fees in unsuccessful or abandoned expropriations, to Title 48 quick-taking expropriations. LSA R.S. 19:201 states:
A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana.
The trial court refused to follow the reasoning of Prentice Oil and Gas Co. v. State, Etc., 421 So.2d 937 (La.App. 1st Cir. 1982), writ denied 423 So.2d 1165 (La. 1982), in which LSA R.S. 19:201 was applied in a Title 48 expropriation suit. It was the trial court's opinion that the application of LSA R.S. 19:201 to a Title 48 expropriation in Prentice was but an unfortunate bit of obiter dictum. We disagree.
In Prentice, as in the case at hand, the DOTD's Title 48 expropriation suit was dismissed for failure to follow statutory requirements. The judgment of dismissal in Prentice, as in this case, reserved the rights of the landowner to seek damages and attorney's fees in further proceedings. Rather than proceed via a rule to show cause, as was done in this case, the landowner in Prentice chose instead to file a separate suit in the nature of a tort action. As noted in Prentice, supra at 939, it matters not whether the landowner proceeds in the same expropriation suit or files a separately numbered suit to recover attorney's fees when that right is reserved in the judgment of dismissal. It is this Court's opinion, as it was in Prentice, that LSA R.S. 19:201 is applicable to an unsuccessful or abandoned Title 48 expropriation.
The trial court mistakenly relied on State D. of Trans. & Dev. v. Estate of Clark, 432 So.2d 405 (La.App. 1st Cir.1983), for its conclusion that LSA R.S. 48:453(E) was the only provision regarding attorney's fees which could be applied to Title 48 expropriations. Section 453(E) provides:

*404 E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court.
Clark, as distinguished from the case at hand, involved a successful expropriation by the DOTD wherein compensation had been determined. The DOTD appealed the award of attorney's fees as being in excess of the statutory allowance. The estate of Clark appealed seeking an increase in the amount of compensation and damages. In Clark, relative to attorney's fees, this Court was simply compelled to reduce the award to an amount equal to the 25% limit set by LSA R.S. 48:453(E). Given that the DOTD's attempted Title 48 expropriation in this case was dismissed and the issue of expropriation never reached, neither LSA R.S. 48:453 nor the Clark decision was applicable.
ICGR presented evidence on the hearing of the rule to show cause for attorney's fees (including expenses) actually incurred in its successful defense of this action in the amount of $7,926.79. The testimony reflects that counsel for ICGR was specifically requested by a representative of ICGR to defend this attempted expropriation. It is clear from the testimony presented that counsel expended considerable time and effort in ICGR's defense of this action. Given the complexity of expropriation matters and the evidence presented as to the attorney's fees (including expenses) actually incurred by ICGR, we are of the opinion that an award of $7,926.79 is justified.
ICGR further alleges that it is entitled to an additional award of attorney's fees incurred as a result of this appeal. Given that 19:201 envisions reimbursement to the landowner for its reasonable attorney's fees actually incurred as a result of the expropriation proceeding, and that this appeal is clearly a part of the expropriation proceeding, we agree. Although there is no evidence in the record as to the fees actually incurred by ICGR on this appeal, we are of the opinion that $2,000.00 is a reasonable award under the circumstances presented.
In answering this appeal, the DOTD prays that the trial court's denial of ICGR's claim for compensation be made a part of the final judgment in this matter. A careful review of the trial court's written reasons reveals that the court merely noted that ICGR had waived its claim to compensation, and thus, the matter was not before the court. This in our opinion does not amount to a denial of ICGR's claim on the part of the trial court.
Therefore, for the foregoing reasons, the judgment of the trial court denying defendant-appellant reasonable attorney's fees is hereby reversed and judgment rendered in favor of Illinois Central Gulf Railroad in the amount of $9,926.79. Costs in the amount of $646.96 are taxed to plaintiff-appellant.
REVERSED AND RENDERED.