482 So.2d 1014 (1986)
Darvin VAUGHAN, Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.
No. 84-1032.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*1015 Thompson & Sellers, Roger Sellers, Abbeville, for plaintiff-appellee.
Onebane & Associates, Graham N. Smith, Lafayette, for defendant-appellant.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
From a judgment increasing the monthly worker's benefits by an amount calculated upon the value of the housing supplied plaintiff as part of his employment, the employer and insurer appealed. The worker answered the appeal asking that the evidence of the value of the utilities supplied also be used to increase the compensation rate. We affirm the judgment, but amend it to take into account the value of the utilities.
Under the jurisprudence interpreting our worker's compensation law, the value of "fringe" benefits provided by the employer to the employee will be included in the calculation of weekly wages, for purposes of determining the compensation rate, provided the giving of such fringe benefits was fairly contemplated by the parties as they entered the contract of employment. Morgan v. Equitable General Ins. Co., 383 So.2d 1067 (La.App. 3rd Cir. 1980); Malone & Johnson, Workers' Compensation § 324, 14 La.Civ.L.Treatise 93 (1980).
In the present case, the employer and insurer assign as clear error the trial court's inclusion in weekly wages of the rental value of the mobile home provided to plaintiff by his employer. It is appellant's contention that plaintiff was required to live in the mobile home as a condition of his employment, and that there was no agreement shown that this benefit was to be part of his wages.
Plaintiff, Darvin Vaughn, was employed as a ranch hand by the owners of Aurore Ranch in Vermilion Parish. Plaintiff testified that when he was hired it was with the understanding that he would be paid $600 per month in cash, and that he would be furnished a trailer to live in at the ranch and all utilities free. The plaintiff also testified that his employer wanted him to live on the ranch so he could be available 24 hours a day, seven days a week and keep an eye on the place.
There was no testimony in this case by the employer. The only evidence as to this issue was that of the employee.
The appellants argue that rental value of housing at a job site, in which an employee is required to live as part of his job duties, *1016 should not be considered as part of wages, but should be treated as mere compliance with his employment duties that he agreed to as part of his contract of hire. The argument asks us to compare this case with that of a night watchman, who would not be able to include in his wages the rental value of the guard shack he occupies while on duty.
We see nothing inconsistent between an agreement that rental value of housing be part of wages, and a condition that living on the premises is required or will facilitate performance of the employee's job. The night watchman example is not appropriate. His function in a guard shack is solely to guard. Presumably he goes home in the daytime. In our present case the plaintiff's occupancy of the trailer home was mainly as a place to live, his presence and availability at the job site being only a subsidiary benefit. Hall v. Joiner, 324 So.2d 884 (La.App. 3rd Cir.1975) supports this reasoning. There, the manager of an apartment complex was given the use of an apartment and free utilities, and the value of them was added to the cash part of her pay to fix her weekly compensation rate. Although the opinion in that case does not say so, it is implicit that living on the premises was a requirement of the performance of her duties.
We agree with the trial court that plaintiff has proved that his gross income should include the value of the housing, and that a commensurate increase in his compensation rate was proper.
The second issue raised by appellants concerns the acceptance by the trial court of the expertise of J. Harold Sellers, who gave an opinion of the rental value of the mobile home. The employer and insurer argue that the witness did not know enough about his subject to testify as an expert.
The witness has a degree in science and mathematics and taught school for 20 years until 1975 when he entered the real estate business. He has a broker's license. While the witness had never before this case appraised the rental value of a mobile home, the court was satisfied that his extensive experience as an appraiser of residential property, together with his supervision of his agency's numerous rental properties, equipped him with sufficient expertise to evaluate the rent in this case.
The qualifications of an expert witness rest within the sound discretion of the trial judge and his determination will not be disturbed absent a showing of manifest error. Faustina Pipe Line Company v. Broussard, 450 So.2d 17 (La.App. 3rd Cir. 1984), writ denied 452 So.2d 172 (La.1984). We find no manifest error in the trial court's reliance on the testimony of the expert in this case.
We do find clear error, in what appears to be a simple oversight, in the trial court's failure to add the value of the utilities to the plaintiff's wages. These are in the record by way of an answer to interrogatories showing an average of $64.02 per month paid by the employer for utilities at the mobile home. The trial court did not consider this item when it fixed plaintiff's gross monthly income at $800, and we will amend the judgment, in response to appellee's answer to the appeal and fix monthly income at $864.02, on which the weekly amount of compensation is to be computed.
For these reasons, the judgment of the trial court ordering an increase in worker's compensation benefits commensurate with the gross monthly income of $800 is amended to read $864.02, and rendered; in all other respects the judgment is affirmed. Costs of this appeal are to be paid by the employer and insurer, appellants.
AMENDED AND AFFIRMED.