LABORDE, Judge.
The State of Louisiana, through the Department of Transportation and Development, expropriated .62 acres of Goldie Nu-gent Willoughby’s waterfront property. As required under the “quick-taking” statute, LSA-R.S. 48:441-460, the State deposited into the registry of the district court $1,240.00 as an estimate of compensation for the taking. Ms. Willoughby answered the expropriation suit and demanded $107,-120.00 in damages for the taking. The trial court found in favor of defendant and awarded her $12,400.00 for the value of the land expropriated and $20,000.00 in severance damages for the diminished value of her remaining 17 acres. On appeal, the State does not challenge the $12,400.00 as the fair market value of the property taken; however, it strenuously contests the $20,000.00 award in severance damages. The State bases its argument on two assignments of error: 1) That defendant’s appraiser should not have been allowed to offer expert testimony regarding severance damages; and 2) That severance damages were inappropriate in this case. We find that severance damages are due and affirm the judgment of the trial court.
FACTS
Defendant’s property is located in Section 6, Township 11 South, Range 6 East, St. Martin Parish. Before the taking in *999 September of 1981, defendant’s property consisted of approximately 18 acres fronting Bayou Teche on the west for 465 feet and fronting La. Highway 347 on the east for 410 feet. The property taken, .62 acres, was unimproved, being situated at the rear of defendant’s homesite. Several live oaks and pecan trees punctuated the landscape leading down to the bayou. The area taken forms a triangle at the southwestern corner of defendant’s property. Defendant lost 145 feet fronting Bayou Teche on the west, 286.64 feet on the south line, and 297.47 feet on the north.
The property was expropriated to extend La. Highway 92 and to construct a bridge over Bayou Teche. The frequency of use of the bridge was in dispute. The State attempted to show that the bridge was rarely traversed, while defendant offered evidence of a constant roar from bridge traffic.
Predictably, two appraisers prepared reports which estimated the market value of the property taken and the severance damage to the residual property. Each appraiser qualified as an expert and testified at trial. The State’s appraiser, John All-phin, Jr., set the value of the property taken at $1,540.00 and the severance damage at $0.00. Defendant’s appraiser, Jacob Stansbury, Jr., set the value of the portion taken at $26,908.00 and the severance damage at $68,212.00.
ACTION OF THE TRIAL COURT
The trial judge in his reasons for judgment, expressly rejected the values set by the appraisers for various reasons. After reciting his considerations, the trial judge found that the property taken had a per acre value of $20,000.00. Since .62 acres was expropriated, the value of the land taken equaled $12,400.00. Neither party in this suit contests this amount.
The trial court mentioned several reasons for granting severance damages: (1) the bridge at the rear of the bayou home site reduces the aesthetic value of the property; (2) vehicular traffic on the bridge causes a little noise; (3) the bridge reduces defendant’s privacy; and (4) the “shape" of the remaining property is not as desirable as before the taking of the bayou frontage. For these reasons, the trial court set severance damages at $20,000.00. However, the trial court found that if defendant had “legal access” to the new roadway, then the resultant benefit would increase the value of the property by $15,000.00. Therefore, with legal access, defendant’s property would suffer only $5,000.00 of severance damages.
The trial court waited five months for the parties to reach an agreement over the legal access issue. Thereafter, the trial court rendered additional reasons for judgment wherein it noted that no agreement had been reached. The trial court asked defendant if she had an interest in the access because otherwise the court would let the $20,000.00 award stand. At that point defendant, through her attorney, abandoned her interest in the access.
EXPERT WITNESSES
The State complains that defendant’s appraiser, Jacob Stansbury, Jr., was insufficiently educated and experienced to qualify as an expert in the field of severance damage appraisal. We disagree.
Mr. Stansbury is a licensed real estate agent. He has extensive experience dealing with real estate in the area where defendant’s property is located and he is familiar with local conditions. See Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1336 (La.1978). Mr. Stansbury has prepared roughly 1,000 residential appraisals and over two hundred commercial appraisals since 1977. He has received extensive training in real estate appraisal techniques and is a member of the American Association of Certified Appraisers.
Mr. Stansbury has been qualified to testify before other courts; however, he had never before testified in a condemnation proceeding. The State also points out that Mr. Stansbury has not taken a specific course in condemnation appraisals: In fact, this was Mr. Stansbury s first expropriation appraisal.
*1000 The trial court noted that Mr. Stans-bury’s limited formal education and experience regarding condemnation appraisals did not remove him from the class of expert appraisers. The trial court considered Mr. Stansbury’s extensive background in residential appraisals sufficient to qualify him as an expert. The trial judge indicated that he would give limited weight to Mr. Stansbury’s testimony regarding severance damages.
The qualification of an expert witness rests within the sound discretion of the trial judge and his determination will not be disturbed absent a showing of manifest error. Faustina Pipe Line Co. v. Broussard, 450 So.2d 17 (La.App. 3d Cir.), writ denied, 452 So.2d 172 (La.1984). We find that Mr. Stansbury’s lack of formal training and lack of specific condemnation experience do not disqualify him as an expert. The trial court properly accepted defendant’s witness as an expert appraiser.
SEVERANCE DAMAGES
The State asserts that defendant failed to prove a reduction in value to her remaining property; therefore, the trial court erred in awarding $20,000.00 in severance damages.
The owner of condemned property is entitled to the market value of his land at the time of the expropriation. Market value is what a willing purchaser will pay a willing seller under ordinary circumstances. The owner is also entitled to resulting or severance damage to the remaining property when only part is taken and damage results thereby. Severance damage equals the difference between the market value of the remaining property immediately before and after the expropriation. State, Department of Transportation and Development v. Taylor, 461 So.2d 1282 (La.App. 3d Cir.), writ denied, (La.1985). The defendant in expropriation cases bears the burden of proving severance damages by a preponderance of the evidence.
In our view, the trial court correctly found that the expropriation injured defendant’s remaining property. While high, the award of $20,000.00 in severance damages reasonably compensated defendant for her reduced privacy, diminished aesthetics and decreased serenity. Further, the trial court correctly attempted to balance these detrimental effects with the beneficial effects of the new roadway adjacent to defendant’s property. According to the appraisers, the best use of the remaining property would be bayou-front homesites for which access to the new road would be necessary. A permit, issued by the Department of Transportation and Development, is required before private roads or driveways can intersect hard surface Louisiana highways. The State failed to prove that an access permit would be granted. Defendant failed to prove that an access permit would not be granted. At that point, the trial court allowed the parties five months to arrange for the permit. No permit was granted; therefore, the new roadway, La. 92, did not produce any beneficial effect to defendant’s property. We find no error with the trial court’s decision not to offset the damage to defendant’s property with the advantage of the new road. Severance damage to defendant’s property remains at $20,000.00.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the State of Louisiana, through the Department of Transportation and Development.
AFFIRMED.