J^FITZSIMMONS, J.
Defendant/appellant, Clayton M. Perkins, appeals the sum of attorney fees awarded by the trial court in conjunction with an expropriation of Mr. Perkins’ property by plaintiff/appellee, West Felici-ana Parish Police Jury (Parish). We affirm as amended the award of attorney fees.
Following a trial on the merits, the court awarded Mr. Perkins the sum of $170,550.00 in compensation for the expropriation of his property by the Parish. In a subsequent hearing, the trial court awarded $10,000.00 in attorney fees. On appeal, Mr. Perkins asserts that the trial court did not apply the proper statutory standard in its consideration of attorney fees. Specifically, he alleges that the trial court legally erred in the method it utilized to compute attorney fees and, moreover, it manifestly erred in its determination of the highest amount offered to Perkins prior to trial on the merits.
Pursuant to La. R.S. 19:8 A, attorney fees may be awarded in expropriation cases when the compensation granted by the court exceeds the sum offered to the property owner prior to trial. That statute provides in pertinent part:
“Immediately after compensation has been determined, the plaintiff shall, *517 upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees_” (Emphasis added.)
In the instant case, the Parish maintained that it offered Mr. Perkins $150,000.00 prior to trial; whereas, Mr. Perkins testified that the highest sum tendered by the Parish was $55,000.00. The trial court factually found that the |3Parish offered $150,000.00.[1] Notwithstanding the fact that both sums were deficient relative to the $170,000.00 compensation award, the parties hotly contested the final sum extended by the Parish to Mr. Perkins.[2] Indeed, it is not unusual to find similar expropriation proceedings in which attorney fees have been computed by a trial court based on the difference between the highest offer by the public body and the ultimate compensation award.[3] This mathematical formula, however, lacks a statutory basis in general expropriation.
On appeal, Mr. Perkins aptly observes that the equation employing twenty-five percent of the difference between the highest offer and the compensation award distinguishably applies to declarations of “takings” of property for highway purposes by the Louisiana Department of Transportation and Development, pursuant to La. R.S. 48:453. Moreover, in those “takings” cases, the estimated compensation is required to be deposited into the registry of the court prior to trial. In the expropriation of property before this court, the trial court judge expressly stated that he was not going to apply the difference between $150,000.00 and the compensation award or the contingency fee that legal counsel had arranged with Mr. Perkins. Instead, the trial court elected to apply a “hybrid.”
The legal significance of the actual sum offered prior to trial is statutorily limited to whether or not the amount offered exceeded the amount of compensation awarded in general expropriation cases. We are unable to discern any statutory | ¿language in which the amount of attorney fees awarded in a general expropriation case becomes tethered to the amount of the deficiency in the public body’s offer. Pursuant to La. R.S. 19:8 A, the court “may award reasonable attorney fees.” (Emphasis added.) Indeed, the statute grants a trial court the reasonable discretion of not awarding any attorney fees whatsoever in certain circumstances. In considering reasonable attorney fees, the court must consider: “(1) the ultimate result obtained; (2) responsibility in- *518 curred; (3) the importance of the litigation; (4) the amount involved; (5) the extent and character of the labor performed; (6) the legal knowledge and attainment and skill of the attorney; (7) the number of appearances made; (8) the intricacies of the facts and law involved; (9) the diligence and skill of counsel; and (10) the Court’s own knowledge.” State v. Ran-some, 392 So.2d 490, 495 (La.App. 1st Cir. 1980).
The standard of review by an appellate court is whether the court has abused its discretionary option of awarding “reasonable attorney fees” pursuant to La. R.S. 19:8 A. Accordingly, this court’s review is limited to whether or not the fee of $10,000.00 was reasonable, or if it extended beyond the discretion of the trial court. Prentice Oil & Gas Company v. State, Department of Transportation and Development, 421 So.2d 937, 940 (La.App. 1st Cir.), writ denied, 423 So.2d 1165 (La.1982).
Counsel for Mr. Perkins asserted at the hearing on attorney fees that he charged his client an hourly rate of $175.00. No written attorney-client contract was submitted into evidence. In support of the claim for an increase in attorney fees, Mr. Perkins’ counsel filed into evidence a handwritten timesheet reflecting charges for legal services rendered on behalf of Mr. Perkins between September 13, 2001 and April 29, 2002. The charges were presented in an abbreviated note form. At the hearing, Mr. Perkins’ counsel acknowledged that he |fihad been forced to reconstruct the time charges shortly prior to the hearing date due to a “pilot error” that caused his computer to erase the actual encoded time descriptions. The cumulative amount of hours reflected on the time-sheet that was admitted into evidence amounted to 294.80 hours.[4] The total request for legal services rendered was $52,025.00.
Trial of the instant expropriation consumed two days. Various witnesses testified, including a realtor, a realtor/appraiser, architects, a licensed builder of residences, a lessee of comparable property, and various political personages associated with West Feliciana and/or St. Francisville. Additionally, several real estate appraisal reports were introduced regarding the subject property. The Parish argued that much of the attorney’s delineation of his work product was indecipherable; however, no objection to its introduction into evidence was made. This court takes judicial notice of the fact that expropriation cases generally involve a morass of papers and time, as well as a specialized area of the law. Notwithstanding the discretion vested in the trial court vis-a-vis awards of attorney fees, the sum awarded for attorney fees appears abusively low when the time and expertise involved to produce a favorable outcome for Mr. Perkins are taken into account. It constitutes an abuse of discretion.
Accordingly, the award of attorney fees is amended to $30,000.00. Costs associated with this appeal in the sum of $265.70 are assessed to West Feliciana Parish Police Jury.
AFFIRMED AS AMENDED.
DOWNING, J., concurs in the result.

.The testimony by Mr. Perkins from which the court concluded that an offer of $150,000.00 had been tendered to Mr. Perkins demonstrates that the figure of $150,000.00 had been raised in a settlement conference. Testimony on behalf of the Parish further indicates that the Parish had given its counsel the authority to settle up to the limit of $150,000.00. There is, however, no evidence presented in the record that the sum of $150,000.00 was actually tendered as an offer to Mr. Perkins. Although we would find manifest error in the court's factual conclusion, the amount of the deficiency in the offer does not substantively impact our review of reasonable attorney fees.

. Floyd L. Younger, Parish manager, stated that after suit was filed, the Parish made an offer of $135,000.00.

. See, e.g., Pointe Coupee Electric Membership Corporation v. Mounger, 447 So.2d 1104, 1112 (La.App. 1st Cir. 1984); City of Shreveport v. Pupillo, 390 So.2d 941, 948 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 921 (La.1981).

. Counsel testified that he expended 274 hours of service on the case, as well as $400.00 out-of-pocket expenses; however, the variance from the hours reflected on the time-sheet appears to be an inadvertent error.